Andrew Orr (Wyo. State Bar # 7-6235)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
ACOrr@hollandhart.com

Macrina M. Sharpe (Wyo. State Bar # 7-5757)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
MMSharpe@hollandhart.com

ATTORNEYS FOR PETITIONER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Ashurst LLP,<br><br>    Petitioner,<br><br>vs.<br><br>Granite Creek Energy LLC,<br><br>    Respondent. | Civil Action No. _____ |

### PETITION TO CONFIRM FOREIGN ARBITRATION AWARD

Petitioner Ashurst LLP, by and through its undersigned counsel, for its Petition to Confirm Arbitration Award against Respondent Granite Creek Energy LLC, hereby alleges as follows:

### PRELIMINARY STATEMENT

1. This petition seeks to confirm arbitral awards rendered in favor of Petitioner, Ashurst LLP, and against Respondent, Granite Creek Energy LLC ("GCE"), based on GCE's failure to pay for legal services it admits it received.

2. Headquartered in London, Ashurst is an international law firm that advised GCE in 2024 in connection with an acquisition that GCE, a Wyoming company, was considering pursuing.

3. Although GCE admits it is obligated to pay Ashurst for the services GCE received, GCE failed to timely pay Ashurst's invoices and, as of the filing of this petition, has not done so.

4. Ashurst initiated arbitration in the London Court of Internation Arbitration ("LCIA") under the London Court of Internation Arbitration Rules ("LCIA Rules"), and the arbitral tribunal issued awards in Ashurst's favor on May 8, 2025 and June 20, 2025 ("Awards").

5. Ashurst seeks to confirm the Awards here.

## PARTIES

6. Petitioner Ashurst LLP is a law firm, registered as a limited liability partnership in England and Wales, with a principal office at London Fruit & Wool Exchange, 1 Duval Square, London E1 6PW.

7. Respondent GCE is an upstream oil and gas producer incorporated under the laws of Delaware and with a principal office at 1501 Stampede Avenue, Suite 3170, Cody, Wyoming 82414.

## JURISDICTION, VENUE, AND LEGAL STANDARD

8. In June 1958, "the United Nations Economic and Social Council adopted the Convention on the Recognition and Enforcement of Foreign Arbitral Awards [(the 'New York Convention')]." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).  In 1970, Congress passed the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, to implement the New York Convention.

9. The New York Convention is designed "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Id.*

10. The Awards arise from a commercial legal relationship between the parties and are thus enforceable by this Court pursuant to the New York Convention and 9 U.S.C. § 201, *et. seq.*

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. §§ 203 and 207.

12. Venue is appropriate pursuant to 9 U.S.C. § 204 because GCE maintains a principal place of business in Wyoming and, but for the arbitration agreement, GCE could be summoned and this action brought in this Court.

## FACTS

13. On February 28, 2024, Adrian Zajac signed an Engagement Letter on behalf of GCE for Ashurst to perform certain legal work for GCE. A certified copy of the Engagement Letter is attached as **Exhibit 1**.

14. The Engagement Letter included and incorporated Ashurst's Terms of Business. A certified copy of Ashurst's Terms of Business is attached as **Exhibit 2**. Pursuant to Section 28 of Ashurst's Terms of Business, the parties agreed that any dispute between them "shall be referred to, and finally resolved by, arbitration: in London; by a single arbitrator… and under the Arbitration Rules of the London Court of International Arbitration[.]" *Id.* § 28.

15. The Engagement Letter outlined Ashurst's scope of work and invoicing and payment requirements. Ashurst invoiced GCE on a monthly basis from February 2024 to August 2024 for the following amounts:

| **Invoice Number** | **Invoice Total** | **Invoice Date** | **Due Date** |
|---|---|---|---|
| 500110438 | £50,000.00 | 2/29/24 | 3/21/24 |
| 500111860 | £50,000.00 | 3/27/24 | 4/17/24 |
| 500114217 | £103,410.30 | 4/30/24 | 5/21/24 |
| 500115363 | £52,628.71 | 5/29/24 | 6/19/24 |
| 500116575 | £50,000.00 | 6/26/24 | 7/17/24 |
| 500119040 | £50,000.00 | 8/1/24 | 8/22/24 |

("Outstanding Invoices").

3

16. Additionally, Ashurst invoiced GCE for £184,858 through Invoice No. 500126329, dated December 19, 2024 and due January 9, 2025, for previously unbilled fees ("Further Invoice").

17. GCE failed to remit payment for the Outstanding Invoices or the Further Invoice.

18. Beginning in November 2024, Ashurst made several requests for GCE to submit payment for outstanding amounts due under the Engagement Letter and Terms of Business.

19. Ashurst received no response. In December 2024, Ashurst demanded immediate payment. Ashurst indicated that, absent GCE's payment in full, Ashurst would commence arbitration proceedings.

20. On February 27, 2025, Ashurst submitted a request for arbitration against GCE.

21. GCE was given notice of the arbitration proceedings and ample opportunity to participate.

22. GCE elected not to participate in the arbitration proceedings but acknowledged its liability to Ashurst during the process by stating in an April 14, 2025 email that GCE had "been generally quiet and non-participative" because it was "focused on a recapitalization, part of which will be used to satisfy [GCE's] bill with Ashurst."

23. On June 20, 2025, the arbitrator entered the Final Award against GCE and ordered:

   a. GCE to pay Ashurst £356,039.01 pursuant to the Outstanding Invoices and £184,858 pursuant to the Further Invoice;

   b. GCE to pay Ashurst simple interest on the Outstanding Invoices and the Further Invoice from the due dates listed in paragraphs 15 and 16 above at the rate of 2% above the 3-month Libor rate;

   c. GCE to pay Ashurst £57,433.70 in legal costs; and

   d. GCE to pay Ashurst £12,642.72 in arbitration costs.

24. A certified copy of the Final Award is attached hereto as **Exhibit 3.**

25. On May 8, 2025, the arbitrator issued a Final Partial Award ordering GCE to pay Ashurst £7,500 in respect of the advance on arbitration costs which Ashurst had paid on GCE's behalf after GCE failed to comply with requests made of it for payment of such sum by the LCIA. The arbitrator also ordered GCE to pay interest accruing from March 7, 2025 at the rate of 2% above the 3-month Libor rate. A certified copy of the Final Partial Award is attached hereto as **Exhibit 4**.

26. As of 2024, Libor was discontinued.

27. SONIA ("Sterling Overnight Index Average") is an alternative and comparable interest rate benchmark. *See* https://www.bankofengland.co.uk/markets/sonia-benchmark (describing SONIA "as the preferred benchmark for the transition to sterling risk-free rates from Libor.").

28. A spreadsheet showing the calculated interest owed to Ashurst by GCE using SONIA in lieu of Libor is attached hereto at **Exhibit 5**.

29. GCE has not remitted payment.

30. 9 U.S.C. § 207 provides that:

Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

31. GCE has no viable defenses to the confirmation of the Final Award or the Partial Award under the New York Convention.

32. This Petition is timely filed with the three-year limitation period imposed by 9 U.S.C. § 207 and the Court should confirm the Awards.

33. The Petition is further supported by the affidavit of Tom Mercer, attached hereto as **Exhibit 6**, certifying that the copies of the Engagement Letter, Terms of Business, and Awards attached hereto are true and accurate copies of the originals.

## COUNTS

### COUNT ONE (CONFIRMATION OF THE FINAL AWARD)

34. Ashurst realleges the preceding paragraphs as if fully set forth here.

35. Ashurst has supplied the requisite information pursuant to Article IV of the New York Convention to obtain the recognition and enforcement of the Final Award.

36. No grounds exist under Article V of the New York Convention for the Court to refuse recognition and enforcement of the Final Award.

37. The Court should issue an order confirming the arbitration award attached hereto as Exhibit 3 by the LCIA dated June 20, 2025, allow interest as reflected in Exhibit 5, and enter judgment thereon.

### COUNT TWO (CONFIRMATION OF THE PARTIAL AWARD)

38. Ashurst realleges the preceding paragraphs as if fully set forth here.

39. Ashurst has supplied the requisite information pursuant to Article IV of the New York Convention to obtain the recognition and enforcement of the Final Partial Award.

40. No grounds exist under Article V of the New York Convention for the Court to refuse recognition and enforcement of the Final Partial Award.

41. The Court should issue an order confirming the arbitration award attached hereto as Exhibit 4 by the LCIA dated May 8, 2025, allow interest as reflected in Exhibit 5, and enter judgment thereon.

**WHEREFORE**, Ashurst respectfully requests that this Court:

1. Confirm the arbitral award issued by the LCIA on June 20, 2025;

2. Confirm the arbitral award issued by the LCIA on May 8, 2025;

3. Enter judgment in favor of Ashurst and against GCE with respect to the Final Award in the principal amount of **£540,897.01** as reflected below and with daily interest accruing as of the following dates and totaling **£37,707.86**:

| Invoice No. | Amount Due | Date Interest Starts Accruing: |
|---|---|---|
| 500110438 | £50,000.00 | 3/21/24 |
| 500111860 | £50,000.00 | 4/17/24 |
| 500114217 | £103,410.30 | 5/21/24 |
| 500115363 | £52,628.71 | 6/19/24 |
| 500116575 | £50,000.00 | 7/17/24 |
| 500119040 | £50,000.00 | 8/22/24 |
| 500126329 | £184,858.00 | 1/9/25 |
| TOTAL PRINCIPAL: | **£540,897.01** | |
| TOTAL INTEREST | **£37,707.86** | |

4. Enter judgment in favor of Ashurst and against GCE with respect to the Final Award in the amount of **£57,433.70** for legal costs incurred in the arbitration and **£12,642.72** in arbitration costs.

5. Enter judgment in favor of Ashurst and against GCE with respect to the Final Partial Award in the amount of **£7,500** with interest accruing from March 7, 2025, calculated pursuant to SONIA as reflected in Exhibit 5, and totaling **£264.97**. These figures, in addition to those listed above, amount to a <u>total award in favor of Ashurst and against GCE in the amount of **£656,446.26.**</u>

6. Award Ashurst reasonable attorneys' fees and costs incurred in this proceeding, as permitted under the arbitration agreement and applicable law; and

7. Grant such other and further relief as the Court deems just and proper.

DATED: October 9, 2025.

*/s/ Andrew Orr*
Andrew Orr (Wyo. State Bar # 7-6235)
HOLLAND & HART LLP
P.O. Box 68
Jackson, WY 83001
Telephone: (307) 739-9741
ACOrr@hollandhart.com

Macrina M. Sharpe (Wyo. State Bar # 7-5757)
HOLLAND & HART LLP
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
MMSharpe@hollandhart.com

ATTORNEYS FOR PETITIONER